IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:    4:14cr65/MW/GRJ
                                                     4:16cv481/MW/GRJ

PHILLIP WALKER III

---

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court upon Petitioner's "Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in

Federal Custody" (ECF No. 209); the Government's Response (ECF No.

241); and Petitioner's Reply. (ECF No. 253.) The case was referred to the

undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters. *See*

N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P.

72(b). After a review of the record and the arguments presented, the Court

concludes that Petitioner has not raised any issue requiring an evidentiary

hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and

(b) Governing Section 2255 Cases.

## I.  BACKGROUND

On October 8, 2014, a grand jury returned a 21-count indictment

charging Petitioner and four co-defendants with crimes based on their

participation in a conspiracy to file fraudulent income tax returns and Social

Security claims using stolen Personal Identification Information (PII). (ECF

Nos. 1 & 82.)

On October 23, 2014, Petitioner appeared before the Court and was

arraigned on the charges. (ECF No. 43.) The Court appointed attorney

Robert Alexander Morris to represent Petitioner. (ECF No. 40.)    Petitioner

subsequently retained attorney Charles E. Hobbs II. (ECF No. 45.) On

December 3, 2014, Petitioner entered into a plea agreement in which he

agreed to plead guilty to Counts One, Three, Eight, Fourteen, Nineteen,

and Twenty-One in exchange for the Government's promise to dismiss the

remaining counts. (ECF No. 81.)

Count One charged Petitioner with Conspiracy to Commit Wire

Fraud, in violation of Title 18, United States Code, Sections 1343 and 1349;

Counts Three and Eight charged Petitioner with Wire Fraud, Aiding and

Abetting, in violation of Title 18, United States Code, Sections 1343 and 2;

Counts Fourteen and Nineteen charged Petitioner with Theft of

Government Funds, Aiding and Abetting, in violation of Title 18, United

States Code, Sections 641 and 2; and Count Twenty-One charged

Petitioner with Aggravated Identity Theft, Aiding and Abetting, in violation of

Title 18, United States Code, Sections 1028A(a)(1) and 2. (ECF No. 1.) On

the same day, Petitioner appeared before United States District Judge

Mark E. Walker for the purpose of considering his entry of a guilty plea.

(ECF No. 80.) Judge Walker accepted the plea agreement and Petitioner's

plea of guilty. *Id.*

The Final Presentence Investigation Report ("PSR") reflected that

Petitioner had a base offense level of 7. (ECF No. 146, PSR ¶ 55.) After

adjusting upward twenty-four levels based on Specific Offense

Characteristics, and adjusting downward three levels for acceptance of

responsibility, Petitioner had a total offense level of 28. *Id.* at ¶¶ 56-65.

Petitioner's criminal history category was I. *Id.* at ¶ 70. The applicable

Guidelines range was 78 to 97 months as to Counts One, Three, Eight,

Fourteen, and Nineteen. *Id.* at ¶ 104. The Guidelines sentence for Count

Twenty-One was 24 months' imprisonment. *Id.*

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv481/MW/GRJ

On July 22, 2015, Judge Walker sentenced Petitioner to 24 months'
imprisonment as to Counts One, Three, Eight, Fourteen, and Nineteen, and
24 months as to Count Twenty-One, to run consecutively, for a total of 48
months; a three-year term of supervised release as to Counts One, Three,
Eight, Fourteen, and Nineteen, and a one-year term as to Count Twenty-
One, to run concurrently; restitution in the amount of $463,679.01 jointly
and severally with his co-defendants; and a $600 special monetary
assessment. (ECF No. 191.)

Petitioner did not appeal to the Eleventh Circuit Court of Appeals. On
July 29, 2016, Petitioner timely filed the instant § 2255 Motion. (ECF Nos.
209 & 210.) In his Motion, Petitioner raises two grounds for relief: 1)
Petitioner's counsel rendered ineffective assistance for failing to argue for a
minor-role sentence reduction pursuant to U.S.S.G. § 3B1.2; and 2)
Petitioner is entitled to a retroactive sentence reduction under Amendment
794 to the Sentencing Guidelines.

## II.   DISCUSSION

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to Section

2255 are extremely limited. A prisoner is entitled to relief under Section

2255 if the court imposed a sentence that: (1) violated the Constitution or

laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

maximum authorized by law, or (4) is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8

(11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other

injury that could not have been raised in direct appeal and would, if

condoned, result in a complete miscarriage of justice.'" *Lynn v. United*

*States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The

"fundamental miscarriage of justice" exception recognized in *Murray v.*

*Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the

alleged constitutional violation "has probably resulted in the conviction of

one who is actually innocent . . . ."

The law is well established that a district court need not reconsider

issues raised in a Section 2255 motion which have been resolved on direct

appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014);

*Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the

ground of error was unavailable on direct appeal, a court may not consider

the ground in a Section 2255 motion unless the defendant establishes (1)

cause for not raising the ground on direct appeal, and (2) actual prejudice

resulting from the alleged error, that is, alternatively, that he is "actually

innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations

omitted). To show cause for procedural default, a defendant must show

that "some objective factor external to the defense prevented [him] or his

counsel from raising his claims on direct appeal and that this factor cannot

be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.

A meritorious claim of ineffective assistance of counsel can constitute

cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal. *Massaro v. United

States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694

F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257

n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of

ineffective assistance of counsel, a defendant must demonstrate both that

counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting

*Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 693). For a court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir.

2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat

was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record. *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal

issues can be resolved by the court without a hearing.

### B. Analysis

For the sake of convenience and clarity, the Court will address

Petitioner's Ground Two first. In Ground Two, Petitioner argues that

Amendment 794 should apply retroactively to his sentence and that he is

entitled to relief based on the revised version of § 3B1.2. In response, the

Government argues Petitioner's claim is procedurally barred and not

cognizable in the instant § 2255 Motion.

The Government's argument is persuasive. The Sentencing

Guidelines provide for a two-level decrease to a base offense level if a

defendant was a minor participant in the criminal activity. *See* § 3B1.2(b).

Amendment 794, effective November 15, 2015, amended the Commentary to § 3B1.2. The amendment introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether to apply a mitigating role adjustment. *See* U.S.S.G. Supp. App. C., Amend. 794. In *United States v. Cruickshank*, the Eleventh Circuit confirmed that Amendment 794 was a clarifying amendment, meaning that it only clarified the factors a court should consider for a minor-role adjustment and did not substantively change § 3B1.2. 837 F.3d 1182, 1194 (11th Cir. 2016); *see also* U.S.S.G. Supp. App. C., Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

In *Burke v. United States*, the Eleventh Circuit held that a defendant's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a non-constitutional issue that is not cognizable under § 2255 absent a complete miscarriage of justice. 152 F.3d 1329 (11th Cir. 1998). This is so because "§ 2255 is not a substitute for direct appeal." *Id.* at 1331 (citation omitted). Nonconstitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral

review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' " *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

Petitioner was afforded the opportunity to challenge the denial of a minor role adjustment at his original sentencing and on direct appeal, but he failed to do so. Therefore, because Petitioner did not raise the minor participant issue in prior proceedings and because Petitioner does not show that the purported misapplication of § 3B1.2 is fundamentally unfair or results in a miscarriage of justice sufficient to form the basis for collateral relief, Petitioner is not entitled to § 2255 relief on this claim.[1]

In Ground One, Petitioner contends his counsel should have requested a reduction in Petitioner's offense level under § 3B1.2 for his role as a minor participant in the conspiracy. In response, the Government argues that Petitioner's counsel would not have provided ineffective assistance by failing to move for a § 3B1.2 reduction even if Amendment

---

[1] The case Petitioner cites to as support for Amendment 794's retroactive applicability, *United States v. Quintero-Leyva* arose out of the Ninth Circuit Court of Appeals, which is non-binding case law for this Court. 823 F.3d 519 (9th Cir. 2016).

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv481/MW/GRJ

794 had been in effect when Petitioner was sentenced. The Court agrees.

Section 3B1.2(b) requires that a defendant's offense level be decreased by two levels "[i]f the defendant was a minor participant in any criminal activity." Importantly, a defendant does not merit any reduction unless he is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2(b), comment. n. 3(A). In addition, he cannot qualify for a "minor role" reduction unless he is "less culpable than most other participants." *Id.*, comment. n. 5.   The defendant must prove a mitigating role in the offense by a preponderance of the evidence. *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999).

In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

> (i)   the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)   the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)    the degree to which the defendant stood to benefit from the criminal activity.

*Cruickshank*, 837 F.3d at 1194, citing U.S.S.G. Supp. App. C, Amend. 794.

Petitioner argues that "[t]he conspiracy was somewhat extensive, and evidence established that Petitioner's participation was limited and that he was directed to commit the offense by someone else. Furthermore, the presentence report stated that Petitioner did not have an aggravated role in the offense. This certainly put counsel on notice that it might have been fruitful to seek a downward adjustment ranging from two-to-four levels based on Petitioner's minimal or minor role in the offense." (ECF No. 210 at 6.)

According to the factual proffer, however, which was submitted in support of Petitioner's guilty plea, Petitioner filed false tax returns in his own name and the names of others. Some of the tax returns were directed to an address associated with Petitioner. Petitioner also collected debit cards associated with the tax and Social Security fraud schemes and used

them at ATMs and had them mailed to locations occupied by his associates. In addition, Petitioner used a friend's bank account to make deposits and routinely provided his co-conspirator Page with PII. After co-conspirators Page and Bailey had a "falling out," Petitioner continued to operate with both defendants separately. Accordingly, nothing in the record supports Petitioner's claim that he was substantially less culpable than any other defendant. On the contrary, in view of the facts of this case, the Amendment 794 factors weigh against finding a mitigating-role adjustment.

Despite Petitioner's conduct, his counsel's strategy resulted in a considerably below-Guidelines sentence. As such, Petitioner cannot establish that his counsel was deficient for failing to pursue a minor-role reduction.

Petitioner also cannot establish prejudice. Petitioner argues that "[p]rejudice results because had Petitioner received an adjustment of two-to-four points to his total offense level, coupled with the district court's variance under § 3553(a), Petitioner would have received a significantly less sentence of 33 to 46 months." (ECF No. 210 at 8.) However, Petitioner does not establish he was entitled to a minor-role reduction. Therefore, he

fails to establish he was prejudiced by counsel's failure to argue for one.

Accordingly, because Petitioner fails to establish counsel's performance was deficient and that he was prejudiced Petitioner has not carried his burden of demonstrating that counsel was constitutionally ineffective under *Strickland.*

## C. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. His request for an evidentiary hearing is denied.

## III. CONCLUSION

For all the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to § 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued

"the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 209) should be **DENIED**.

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv481/MW/GRJ

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 23rd day of February, 2018.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**